IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ANN GOOD, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|         v. ) | 1:14cv1350 (JCC/TCB) |
| ) | |
| FAIRFAX COUNTY, et al., ) | |
| ) | |
|     Defendants. ) | |

# **M E M O R A N D U M  O P I N I O N**

This employment discrimination action is before the Court on Defendant Fairfax County's Motion to Dismiss for Failure to State a Claim filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Dkt. 13.] The motion has been fully briefed and is now before the Court.

## **I. Background[1]**

Plaintiff Ann Good ("Plaintiff") was hired by the Fairfax County Sheriff's Office ("the Sheriff's Office") as a Deputy Sheriff in 1993. (Compl. [Dkt. 1] ¶ 8.) In 2008, Plaintiff began working as a Basic Instructor at the Fairfax County Criminal Justice Academy ("the CJA"), which trains new

---

[1] In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[.]" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Accordingly, the following facts, taken from Plaintiff's Complaint, are accepted as true for purposes of this motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1

police recruits for, inter alia, the Fairfax County Police Department ("FCPD") and the Sheriff's Office.[2] (Id. at ¶ 9.) The CJA trains new recruits to obtain their Law Enforcement Certification, and applicable to Sherriff's Office recruits, their Civil Enforcement Certification and Court Security and Jailer Certifications. (Id. at ¶ 12.)

The CJA Basic Recruit School is under the joint command of FCPD, the Sheriff's Office, and the towns of Vienna and Herndon. (Compl. ¶ 10.) As a Basic Instructor, Plaintiff was under the Command of both FCPD and the Sheriff's Office, but reported to the FCPD on a daily basis. (Id. at ¶¶ 10, 13.) The FCPD Command authorized Plaintiff's leave and overtime, while the Sheriff's Office Command supervised Plaintiff's time and attendance. (Id. at ¶ 10.) The FCPD Command Supervisors completed Plaintiff's evaluation, with an addendum added by the Sheriff's Office Command Supervisors. (Id.)

In 2009, FCPD Officer James Summers ("Summers") started stalking and harassing Plaintiff. (Compl. ¶ 15.) In April of 2013, a jury convicted Summers of forcibly sodomizing Plaintiff in the fall of 2009. (Id.) Summers was sentenced to seven years of incarceration with two years suspended. (Id.)

---

[2] Since the FCPD's inception in 1940, the Sheriff's Office has provided three main areas of service to Fairfax County: managing the County Jail, providing security in the County Courthouses, and serving civil process, while the FCPD assumed primary law enforcement responsibilities in the County. See Fairfax County, Virginia: About the Sheriff's Office, http://www.fairfaxcounty.gov/sheriff/aboutus.htm (last visited Dec. 9, 2014).

2

Contemporaneously in 2009, Plaintiff was sexually harassed at work by her immediate supervisor, FCPD Sergeant Eric Bridge ("Bridge"), who inappropriately touched Plaintiff and told her that she "owed him" because of his continued support. (Compl. ¶¶ 15-17.) Plaintiff complained about Bridge's actions and sought relief from CJA Supervisors in both FCPD and the Sheriff's Office. (Id. at ¶ 18.) Between 2010 and 2012, Plaintiff specifically complained to Sheriff's Office Captain Ramarr Prudhum, who ignored Plaintiff's claims and pledged support for Bridge. (Id.)

After filing a complaint with the Sheriff's Office Equal Employment Opportunity/Affirmative Action Officer Lieutenant Jarmal Perkins, an internal investigation was initiated and Bridge was eventually reassigned from the CJA. (Compl. ¶ 19.) Prior to leaving the CJA, FCPD Sergeant Bridge publicly addressed colleagues in the conference room, exposing Plaintiff's confidential allegations and warning others, "first she went after Summers, then she went after me, you could be next." (Id. at ¶ 20.) Because Plaintiff's complaints were now public, her colleagues ostracized her, refused to speak to her, and excluded her from work activities. (Id. at ¶ 21.) Even though FCPD and Sheriff's Office Supervisors observed this behavior, nothing was done to stop it. (Id. at ¶ 22.)

In early 2013, FCPD and Sheriff's Office Supervisors even perpetuated Plaintiff's shaming within the CJA. (Compl. ¶¶ 23-24.) Specifically, FCPD Lieutenant Mike Shamblin told Plaintiff she "was like a person on [the television show] Survivor who had no allies," and Sheriff's Office Captain Ramarr Prudham told Plaintiff's colleague Sheriff's Office Sergeant Amy Gaisor to not speak to Plaintiff because "she would only get her in trouble." (Id.) Similar threats and intimidation continued throughout 2013, which eventually culminated in the reassignment of Plaintiff's work duties. (Id. at ¶ 25.)

First, in June of 2013, FCPD Sergeant Pete Massaro ("Massaro") removed Plaintiff as Lead Physical Trainer in retaliation for her sexual harassment complaint against FCPD Sergeant Bridge. (Compl. ¶ 26.) One month later, in July of 2013, FCPD Sergeant Massaro told Plaintiff that everyone in FCPD knew about her complaint against Bridge because FCPD Captain David Smith made her Internal Affairs' file available for viewing. (Id. at ¶ 27.) Second, in August of 2013, FCPD and Sheriff's Office Supervisors wanted to remove Plaintiff from the CJA's Basic Staff and to justify such a removal, Sheriff's Office Captain Ramarr Prudham ordered FCPD Sergeant Pete Massaro to lower Plaintiff's performance evaluation "in the area of working cooperatively with others." (Id. at ¶¶ 28-29.) Around this time, during Plaintiff's participation in an excessive

4

force training exercise, Supervisors allowed trainees to brutalize Plaintiff beyond the point of excessive force. (Id. at ¶ 31.) Third, on September 27, 2013, Plaintiff was removed from her Basic Instructor position at the CJA, where she had supervisory responsibilities over training recruits, and was involuntarily reassigned first to the Law Enforcement Training Unit, where she had no duties, and ultimately to the Civil Enforcement Unit, where she had some work duties, but no supervisory authority. (Id. at ¶ 32.)

Plaintiff filed charges of sex-based discrimination and retaliation with the U.S. Equal Employment Opportunity Commission against Fairfax County on January 24, 2014, and against the Sheriff's Office on February 5, 2014. (Compl. ¶ 3.) Separate right-to-sue notices were issued on August 26, 2014, which was 90 days before the filing of this Complaint on October 15, 2014. (Id.) Plaintiff originally brought four counts in the Complaint: Count One, Sex-Based Discrimination against the Sheriff's Office; Count Two, Retaliation against the Sheriff's Office; Count Three, Sex-Based Discrimination against FCPD; and Count Four, Retaliation against FCPD. (Id. at 10-11.) However, on Plaintiff's Motion, the Court voluntarily dismissed Counts One and Three, leaving only claims of retaliation against the

Sheriff's Office and FCPD.[3] (See Joint Mot. to Voluntarily Dismiss Counts I and III [Dkt. 22]; see also Order [Dkt. 24].)

Defendant Fairfax County ("Fairfax County") now moves to dismiss Count Four, the retaliation claim. [Dkt. 13.] The motion is fully briefed and the Court heard argument of counsel on December 18, 2014. Thus, the motion is ripe for disposition.

## II. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (citations and internal quotation marks omitted). A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). However, the court need not accept as true legal conclusions disguised as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009).

The plaintiff's facts must "be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Extrinsic evidence is not

---

[3] In its motion to dismiss, filed before this voluntary dismissal, Fairfax County also argued that Count Three should be dismissed. (Def.'s Mem. at 4-5.) This argument is moot and the Court need not address it.

6

typically considered when determining the sufficiency of a complaint, although the court "may properly take judicial notice of matters of public record . . . [and] may also consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

### III. Analysis

Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee because the employee "opposed any practice made an unlawful practice by the [title], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]." 42 U.S.C. § 2000e-3(a). To state a claim for retaliation, Plaintiff must sufficiently plead facts to support the following three elements: (1) Plaintiff engaged in a protected activity; (2) Plaintiff suffered an adverse employment action; and (3) a causal link between the protected activity and the employment action. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004)). Fairfax County does not necessarily contest the sufficiency of these three elements, but instead argues the Complaint should be dismissed because Plaintiff has failed to plead facts that

7

sufficiently allege Fairfax County can be held liable as an employer for purposes of Title VII, a threshold determination. (Def.'s Mem. in Supp. [Dkt. 15] at 5-9; see also Magnuson v. Peak Technical Servs., Inc., 808 F. Supp. 500, 507 (E.D. Va. 1992).)

Fairfax County contends Plaintiff is solely employed by the Sheriff's Office, an entity separate and distinct from Fairfax County. (Id. at 5-6.) Sheriffs in Virginia are constitutional officers who serve independently of local governments, and thus, courts have consistently held that a local government in Virginia, like Fairfax County, cannot be held liable for the actions of the Sheriff's Office. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1390 (4th Cir. 1993) (citing Sherman v. City of Richmond, 543 F. Supp. 447, 449 (E.D. Va. 1982) ("Neither the City of Richmond nor the Commonwealth of Virginia is responsible for the actions of the Sheriff of the City of Richmond . . . . As a [state] constitutional officer, the Sheriff services independent of the municipal or county government and independent of the State government.")). Accordingly, Fairfax County concludes that because it cannot be held liable for the actions of the Sheriff's Office, Count Four must be dismissed because Plaintiff has not adequately pled the threshold showing of an employment relationship with Fairfax County. (Id. at 6.)

Plaintiff opposes Fairfax County's motion and argues that she did state sufficient facts to sustain a claim against Fairfax County and hold it liable for the retaliatory actions taken by employees in its Police Department. (Pl.'s Opp'n [Dkt. 23] at 1-9.) Plaintiff concedes that Fairfax County cannot be held liable for actions of the Sheriff's Office, but instead argues that Fairfax County is separately liable as Plaintiff's co-employer. (Id. at 5-6 ("She does seek to hold Fairfax County responsible for the Title VII violations of its Police Department employees who had the authority to, and did, exercise control over her duties and working conditions.").)

Thus, the sole issue before the Court is whether Plaintiff pled sufficient facts to sustain a claim for retaliation against Fairfax County for the actions of its Police Department employees. The Court answers this question affirmatively and will deny the motion to dismiss.

A. "Employer" under Title VII

In order to assert a plausible claim for relief under Title VII against Fairfax County, Plaintiff must establish that it is her "employer" within the meaning of the statute. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) ("Congress only intended employers to be liable for Title VII violations."). Fairfax County is an "employer" if it (1) falls within the statutory definition of "employer," and (2)

"exercised substantial control over significant aspects of the compensation, terms, conditions, or privileges of plaintiff's employment.  Magnuson v. Peak Technical Servs., Inc., 808 F. Supp. 500, 507 (E.D. Va. 1992) (citing Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 611 F. Supp. 344, 349 (S.D.N.Y. 1984) (holding that the most important factor in determining "employer" status under Title VII is the extent of the employer's right to control means and manner of worker's performance)).

Title VII defines an employer as "[a] person[4] engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]"  42 U.S.C. § 2000e(b).  Plaintiff alleges that Fairfax County has employed more than 500 persons in each of that last twenty months (Compl. ¶ 6), thereby satisfying the statutory definition.  But the inquiry does not end there; Plaintiff must still allege facts that show Fairfax County exercised the requisite control over significant aspects of Plaintiff's employment.  Magnuson, 800 F. Supp. at 507.

Notably, "[a]n individual may be the employee of more

---

[4] "Person" is defined as including "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers."  42 U.S.C. § 2000e(a).

10

than one 'employer' for purposes of Title VII." Id. at 507-508 (recognizing the statutory language suggests that Congress intended Title VII to "apply beyond the conventional single employer situation.") (citations omitted).  In determining whether Fairfax County is Plaintiff's employer, the Court is mindful of Congress's broad intent for Title VII, "which militates against the adoption of a rigid rule strictly limiting 'employer' status under Title VII to an individual's direct or single employer." Id., 800 F. Supp. at 508 (citation omitted).

Fairfax County cites an Eleventh Circuit case for the proposition that the County lacks legal authority to intervene on behalf of the Sheriff's Office because the FCPD and the Sheriff's Office are separate government entities with independent operations.  (Def.'s Mem. at 6-7 (citing Lyes v. City of Riviera Beach, 166 F.3d 1332, 1344-45 (11th Cir. 1999) (en banc) (discussing the "single employer" test for deciding whether two governmental entities should be treated as one entity for Title VII purposes)).)  But this misstates the issue before the Court.  Plaintiff does not seek to hold Fairfax County liable for the conduct of Sheriff's Office employees.  She has sued the Fairfax County Sheriff in her official capacity for the actions of various Sheriff's Deputies.  (See Compl. ¶¶ 7, 37-38.)  Instead, Plaintiff is also suing Fairfax County for the alleged Title VII violations of its Police Department

employees who, in addition to the Sheriff's Office, exercised control over Plaintiff's work environment. (Pl.'s Opp'n at 6.)

This Court has repeatedly recognized that an employer's right to control the Plaintiff's work, or means and manner of Plaintiff's work performance, as the most important factor when determining whether a named defendant is an "employer" under Title VII. See, e.g., Magnuson, 808 F. Supp. at 507; King v. Dalton, 895 F. Supp. 831, 838 (E.D. Va. 1995) (citing Garrett v. Phillips Mills, Inc., 721 F.2d 979, 982 (4th Cir. 1983)). Here, based on this factor alone,[5] the Complaint[6] sufficiently pleads facts to support a retaliation claim against Fairfax County as Plaintiff's employer.

While there is no express allegation in the Complaint that Plaintiff is employed by Fairfax County, the following allegations, when taken as true and viewed in a light most favorable to Plaintiff, are sufficient to state a claim against Fairfax County. The CJA, where Plaintiff worked when the sexual harassment and allegations took place, was jointly operated by

---

[5] This Court has recognized other relevant factors that assist this calculus. See King, 895 F. Supp. at 838 (listing factors to determine whether plaintiff was an employee or independent contractor) (citing Mares v. Marsh, 777 F.2d 1066 (5th Cir. 1985) (applying factors to determine whether defendant was plaintiff's employer under Title VII) (additional citations omitted)). However, because it is clear from the Complaint that this most important factor is satisfied, the others need not be addressed.

[6] Plaintiff attached a sworn affidavit to her opposition brief. (Pl.'s Opp'n Ex. 1 [Dkt. 23-1].) The Court has not considered these additional "sworn statements" because they are not integral to the Complaint and not proper at the motion to dismiss stage. Philips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

the Sheriff's Office, the Fairfax County Police Department, and other Fairfax County agencies. (Compl. ¶ 10.) Plaintiff also reported to the Fairfax County Police Department on a daily basis. (Id.) Her leave and overtime were authorized through the Fairfax County Police Department chain of command. (Id.) Plaintiff's performance evaluation, which assumedly impacted her work duties, was completed by Fairfax County Police Department Supervisors. (Id.) Plaintiff's complaints of sexual harassment that form the basis of her retaliation claim were brought against Sergeant Bridge of the Fairfax County Police Department. (Id. at ¶ 16.)

Most notably, Plaintiff's work duties at the CJA were altered or reassigned by Fairfax County Police Department employees. First, Fairfax County Police Department Sergeant Massaro removed Plaintiff as Lead Physical Trainer in June of 2013. (Id. at ¶ 26.) Second, on Plaintiff's August 19, 2013 performance evaluation, Fairfax County Police Department Sergeant Massaro lowered Plaintiff's rating for working cooperatively with others, explicitly referencing Plaintiff's complaints regarding sexual harassment. (Id. at ¶ 29.) Plaintiff was subsequently demoted to positions with either no work duties or diminished work duties, in a non-supervisory role. (Id. at ¶ 32.) At the very least, these allegations show Fairfax County, through its Police Department, controlled

Plaintiff's work. Therefore, Plaintiff pled sufficient facts to sustain a claim of retaliation against Fairfax County as her co-employer, in addition to the Sheriff's Office. Magnuson, 808 F. Supp. at 507-508.

### IV. Conclusion

For the foregoing reasons, the Court will deny Fairfax County's Motion to Dismiss.

An appropriate Order will issue.

                                                        /s/

December 19, 2014                    James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE